# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GARY L. SMITH,**

    **Petitioner,**

v.                                                                       **Case No. 1:06-cv-54**
                                                                         **(Judge Keeley)**

**KEVIN J. WENDT,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On March 31, 2006, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to Title 28 U.S.C. § 2241. The petitioner is an inmate at the United States Penitentiary, Big Sandy, located in Inez, Kentucky ("USP-Big Sandy"). This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

## I. Procedural History

In the petition, the petitioner asserts that on June 14, 2002, he executed a durable power of attorney naming Marvin Smith his "Attorney-In-Fact." Petitioner asserts that this power of attorney is still in full force and effect.

On or about April 14, 2005, petitioner asserts that he placed a sealed envelope in the legal mail box at the Gilmer Federal Correctional Institution ("FCI-Gilmer") that was address to his attorney-in-fact. An unidentified officer proceeded to open the sealed envelope and read and copy the contents. Petitioner asserts that the contents of the communication between himself and his attorney-in-fact were privileged and that the opening of this mail was improper. On May 2, 2005, petitioner received an incident report written by O. Gibson, presumably related to the

contents of the mentioned correspondence.[1] After a disciplinary hearing, petitioner was found guilty and sanctioned twenty-five days loss of Good Conduct Time ("GCT"), six months loss of telephone privileges, and six months loss of commissary privileges.

In finding petitioner guilty of the charge, the Disciplinary Hearing Officer ("DHO") stated that the "definition of power of attorney is a document authorizing another to act as one's agent or attorney-in-fact . . . " Petition at 7-8. Further, the DHO found that "the Bureau of Prisons allows inmates to have confidential correspondence with their attorneys because attorney/client information . . . is privileged information." Id. at 8. Petitioner asserts that no where in the BOP's Program Statement or published regulations, does it say that an attorney has to be a member of a bar association. Id.

Petitioner received a copy of the DHO's report on July 10, 2005. Petitioner asserts that the report does not sanction him to serving time in disciplinary segregation in the special housing unit (the "SHU"). Petitioner, however, apparently spent time in the SHU as a result of the disciplinary report. Petition at 9. On July 13, 2005, petitioner initiated the administrative remedy process to challenge the findings of the DHO. However, his administrative remedies were allegedly[2] denied through each level of the administrative remedy process. Id. In addition, petitioner asserts that his DHO report was amended "ex post facto," after the administrative remedy process began. Petitioner received a copy of the amended report on August 11, 2005.

---

[1] Petitioner does not identify the exact charge he received or provide a copy of the incident report so the Court cannot clearly identify what, exactly, petitioner was charged with or the basis for the charge being made.

[2] Petitioner fails to supply any of the necessary documentation for the Court to make an actual determination as to the exhaustion of administrative remedies.

2

## II. Claims of the Petition

In the petition, the petitioner asserts the following claims:

(1) his confidential mail was illegally read and copied;

(2) his placement in the SHU without due process of law constitutes cruel and unusual punishment; and

(3) the respondent attempted to cover-up the alleged violations by issuing an amended DHO report "ex post facto."

As relief, petitioner seeks a declaratory judgment stating that his due process rights were violated when his confidential mail was opened, that the defendants inflicted cruel and unusual punishment on him, and that the defendants inflicted cruel and unusual punishment without due process of law. In addition, petitioner seeks $8,000 in monetary damages under the Federal Tort Claims Act for the cruel and unusual punishment he has received, expungement of the disciplinary finding, and the restoration of his lost GCT.

## III. Analysis

### A. Expungement of Disciplinary Report and Restoration of GCT

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, a challenge related to the alleged deprivation of good conduct credits is properly brought under § 2241 because it affects the length of a prisoner's confinement. Id. at 487. However, a § 2241 habeas corpus petition must be brought "in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

3

Here, petitioner is currently confined at USP-Big Sandy and was confined there at the time this case was filed. Therefore, to the extent that the petitioner seeks the expungement of the disciplinary report and the restoration of his lost good conduct time, petitioner must file those claims under § 2241 in the district in which he is confined. Thus, this Court does not have jurisdiction under § 2241 to hear petitioners' claims regarding the expungement of his disciplinary report and the restoration of his GCT.

## B. **Request for Monetary and Declaratory Relief**

Petitioner also raises constitutional claims, and seeks monetary damages, relative to the illegal reading and copying of his alleged confidential mail, cruel and unusual punishment, and violations of the ex post facto and due process clauses. Those alleged unconstitutional acts occurred at FCI-Gilmer which is located within this district. In those circumstances, venue would be appropriate in this Court under the general venue statute. See 28 U.S.C. § 1391 ("A civil action in which a defendant is an officer or employee of the United States . . . may . . . be brought in any judicial district in which . . . (2) a substantial part of the events or omissions giving rise to the claim occurred."). However, petitioners' constitutional claims are clearly civil in nature and in and of themselves do not affect the length of petitioners' sentence. Thus, those claims are not properly raised pursuant to 28 U.S.C. § 2241. See Preiser, supra. Instead, petitioners' constitutional claims should have been raised by way of a civil rights complaint and been subject to the $350 filing fee required for such cases.[3]

Additionally, in Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court of the United States found that:

---

[3] In this case, petitioner paid only the $5.00 filing fee required for a habeas corpus action.

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such a
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus . . . (footnote omitted).

These principles are equally applicable in civil rights cases that challenge the constitutionality of a prison disciplinary proceeding. See Edwards v. Balisok, 520 U.S. 641 (1997). Because petitioner cannot yet make the necessary showing that the DHO's finding of guilt has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, his claim for monetary damages related to the DHO's guilty finding is premature.

## IV. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition be DISMISSED WITHOUT PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: June 23, 2006.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE