IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

AUG 1 7 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

GARY L. SMITH,

    Petitioner

v.    //    CIVIL ACTION NO. 1:06CV54
                              (Judge Keeley)

KEVIN J. WENDT

    Respondent.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

On March 31, 2006, <u>pro se</u> petitioner, Gary L. Smith ("Smith"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking restoration of lost good conduct time and monetary and declaratory relief with respect to ex post facto and due process claims. At the time he filed his §2241 petition, Smith was an inmate at United States Penitentiary-Big Sandy, located in Inez, Kentucky.[1]

The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On June 23, 2006, Magistrate Judge Kaull issued an Opinion/ Report and Recommendation recommending that Smith's case be dismissed without prejudice. The Magistrate Judge determined that this Court does not have jurisdiction over petitioner's claims regarding the restoration of his lost good conduct time because,

---

[1] After he filed his §2241 petition, Smith was transferred to United States Penitentiary- Atlanta, located in Atlanta Georgia.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

pursuant to In re Jones, 226 F.3d 328, 332 (4th Cir. 2000), those claims must be filed in the district in which the petitioner is confined. He also concluded that Smith's constitutional claims should have been raised in a civil rights complaint which is subject to a $350 filing fee.[2] Therefore, the Magistrate Judge recommended that the petitioner's 2241 petition be dismissed without prejudice.

The Report and Recommendation also specifically warned that failure to object to the report and recommendation would result in the waiver of any appellate rights on this issue. The Petitioner failed to file any objections[3] or request additional time in which to file objections.

Consequently, the Court **ADOPTS** the Opinion/Report and Recommendation in its entirety and **ORDERS** the case **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

---

[2] In this case, Smith paid only the $5.00 filing fee required for a habeas corpus petition.

[3] Smith's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

SMITH V. WENDT                                                1:06CV54

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner and to transmit copies of this Order to counsel of record.

Dated: August _____17_____, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE